2006 OK CIV APP 26

**In the Matter of the ADOPTION OF L.A.W.**

**Darren Edward West and Cari Michael West, Husband and Wife, Petitioners/Appellees,**

v.

**Dale Earl Warfield, Jr., Respondent/Appellant.**

**No. 101,337.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 10, 2006.

Richard L. Hull, Oklahoma City, OK, for Petitioners/Appellees.

Mark A. Clayborne, Oklahoma City, OK, for Respondent/Appellant.

Opinion by KENNETH L. BUETTNER, Chief Judge.

¶1 Cari West and Dale Warfield, Jr. divorced January 12, 1998. The decree of divorce granted custody of their child, L.A.W., to Cari and ordered Warfield to pay $270/month in child support. He was also granted generous visitation. After Cari married Darren West, she applied for adoption of the child by Darren without consent of Warfield on the grounds that he had willfully failed, refused or neglected to support the minor in substantial compliance with the terms of the divorce decree and because he had failed to establish and/or maintain a substantial and positive relationship with the child, both for a period of twelve consecutive months out of the last fourteen preceding the filing of the petition for adoption. After an evidentiary hearing, the trial court entered an order finding that the birth father's consent to adoption was not necessary. We affirm.

■ ¶2 With respect to child support, Warfield acknowledged that he had not paid child support as ordered in the decree. Cari testified that she had not received any child support from him during twelve of the last fourteen months preceding the filing of the petition, January 20, 2004, and that $3,780 was due for that period. She stated that a total amount of $14,720 was due since February 1, 1998. There had been a $2,000 payment to the Department of Human Services (DHS) after the petition was filed and she had received $500 from Warfield after the petition was filed. He had paid $170.51 in 2002. Warfield's niece and nephew attend the same grade school as his child and were in the same grade. His niece and nephew live with his parents. Although he did not have steady work, he often worked and was not disabled. The facts establish that Warfield's consent to adoption of his minor child was not required pursuant to 10 O.S.2001 7505–4.2:

B. Consent to adoption is not required from a parent who, for a period of twelve (12) consecutive months out of the last fourteen (14) months immediately preceding the filing of a petition for adoption of a child or a petition to terminate parental rights pursuant to Section 7505–2.1 of this title, has willfully failed, refused, or neglected to contribute to the support of such minor:

1. In substantial compliance with an order entered by a court of competent jurisdiction adjudicating the duty, amount, and manner of support; . . . .

■ ¶3 Although failing to financially support was sufficient ground, the trial court found, and the record supports, that Warfield also failed to establish and/or maintain a substantial and positive relationship with his child for a period of twelve consecutive months out of the last fourteen months immediately preceding the filing of the petition for adoption. As a result, pursuant to 10 O.S.2001 § 7505–4.2(H)(1), his consent to adoption was not required. As noted, his niece and nephew attend the same grade school and are in the same grade as his child, and they live with his parents. Warfield sent some notes to his child while she was at school. Warfield testified that he felt stymied about keeping the relationship strong because Cari did not keep him current with such things as her new married name and address. The law, 10 O.S.2001 § (H)(2), places the burden on Warfield, however, and he did not carry it:

In any case where a parent of a minor claims that prior to the receipt of notice of the hearing provided for in Sections 7505–2.1 and 7505–4.1 of this title, such parent had been denied the opportunity to establish and/or maintain a substantial and positive relationship with the minor by the custodian of the minor, such parent shall prove to the satisfaction of the court that he or she has taken *sufficient legal action* to establish and/or maintain a substantial and positive relationship with the minor prior to the receipt of such notice. (Emphasis added).

¶ 4 The facts support the trial court's order finding that the birth father's consent to the adoption of his child was not necessary based on the two grounds alleged. On appeal, Warfield also argues that the trial court committed reversible error when it denied him the right to call the child to testify as to her wishes. This court will not disturb the trial court's decision unless it "... fails to rest on clear and convincing evidence." *In the Matter of the Adoption of D.L.A.,* 2003 OK CIV APP 7, ¶ 4, 62 P.3d 796, 798.

¶ 5 The child was nine years old at the time of the hearing. The trial court announced that it would talk with the child in chambers, with a reporter, but that it would not question her with respect to her wishes about the adoption. It is apparent to this court that the parties are confusing the hearing to determine whether a parent's consent to adoption is required (Section 7505–4.2) with the hearing on the application for adoption (Section 7505–6.3). The court first determines whether consent is required, then determines whether the adoption should be granted. The court enters a final decree of adoption if it is satisfied that the adoption is in the best interests of the child. 10 O.S. 2001 § 7505–6.3(F). If a minor to be adopted is twelve years or older, her consent

is required unless the court makes a determination that it is not in the child's best interests that such consent be obtained. 10 O.S. 2001 § 7503–2.1(C).[1] At the hearing to determine whether the birth father's consent to adoption was required, "best interests of the child" is not part of the test. It does not become relevant until the adoption. Consequently, there was no error on this account.

¶ 6 Finally, Warfield claims that the evidence showed that it was not in the best interest of the child to terminate his parental rights and proceed with the adoption without his consent. The order appealed does not terminate the father's parental rights and neither the Petition in Error nor the record contains an adoption decree. Consequently, we will not address this alleged error. "The filing with the court clerk of a written judgment, decree or appealable order, prepared in conformance with Section 696.3 of this title and signed by the court, shall be a jurisdictional prerequisite to the commencement of an appeal." 12 O.S.2001 § 696.2(D). Appellate procedure with respect to the adoption of minors applies to final orders, judgments, and decrees of (1) their adoptions; (2) termination of parental rights for adoption purposes; and (3) determining minors eligible for adoption without terminating parental rights. 10 O.S.2001 § 7005–7.1.[2]

¶ 7 The order finding Dale Earl Warfield, Jr.'s consent to adoption of his minor child, L.A.W., was not required is AFFIRMED.

ADAMS, J., and MITCHELL, P.J., concur.

---

**1.** 7503–2.1(C): If a minor to be adopted is twelve (12) years of age or older, the consent of the minor to the adoption is required in addition to the consents required by subsections A and B of the section before a decree of adoption may be granted, unless the court makes a finding that it is not in the best interest of the minor to require the minor's consent. The consent of the minor must be given before the court in such form as the court shall direct.

**2.** Warfield also includes in his brief the allegation that Cari and Darren are parties to a divorce proceeding. This matter is outside the appellate record and should be addressed to the trial court in the first instance.